IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE SHOONG,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES COLBORN,<br><br>        Defendant. | Case No. 1:18-CV-530-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it plaintiff's application to proceed without payment of fees. For the reasons explained below, the Court will deny the application and dismiss this case.

# ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). During this initial

review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, plaintiff sues Idaho attorney James Colborn; he is the only defendant. According to the complaint, Colborn represented Noel Turner in a lawsuit against a Dr. James Chappell in California. Colborn prevailed on Turner's behalf, filed a Foreign Judgment against Chappell in Idaho, and obtained a Writ of Execution on plaintiff's business to satisfy the judgment.

Plaintiff was running a healthcare business licensed by Chappell and had hired him as a healthcare consultant. The Writ of Execution was executed on plaintiff's business on October 16, 2018, and the plaintiff was locked out of her business. A Sheriff's Sale has been noticed for December 30, 2018, to satisfy the Writ.

Plaintiff hired an attorney and challenged the Writ in Idaho state court. The Idaho District Judge held two hearings, and on November 7, 2018, issued an Order that removed the levy on all but 22 items. As to those 22 items, the District Judge required plaintiff to prove that she paid for them in order to remove them from the levy.

Plaintiff did not provide proof of ownership and did not appeal through the Idaho state court system. Instead, she filed a civil rights action against the attorney who obtained the Writ, arguing that as a state-licensed member of the Idaho Bar, he was acting

**Memorandum Decision & Order - 2**

under color of state law pursuant to 42 U.S.C. § 1983. She claims that the attorney violated her due process rights and she seeks to enjoin the Sheriff's Sale set for December 30, 2018.

The claim is frivolous. "There is no authority that a private attorney acts under color of state law merely because he is licensed by the state bar to practice law." *Collin v. Zeff,* 2012 WL 4448755 (C.D.Cal. 2012). Plaintiff is essentially appealing an Idaho state court decision to this Court, and no authority exists giving this Court appellate jurisdiction over the Idaho state courts. No conceivable amendment could save this action from being frivolous, and the Court will therefore order that it be dismissed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that this action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), without leave to amend.

IT IS FURTHER ORDERED, that the Petition to Proceed in Forma Pauperis (docket no. 1) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: December 21, 2018

B. Lynn Winmill
Chief U.S. District Court Judge